IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK THEODORE OSTER, (TDCJ-CID #1327126) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-06-1023 |
| HARRIS COUNTY JAIL INFIRMARY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Frank Theodore Oster, a Texas Department of Criminal Justice inmate, sued in March 2006, alleging civil rights violations resulting from a denial of medical care while confined at the Harris County Jail ("HCJ"). Oster, proceeding *pro se* and *in forma pauperis,* sues the HCJ Infirmary. This court finds that Oster has not sued an entity capable of being sued, has not exhausted available administrative remedies, and that his claims lack merit. This case is dismissed, by separate order, for the reasons set out below.

**I.     Plaintiff's Allegations**

Oster asserts that on the morning of December 16, 2004, he was in the infirmary of the HCJ. Oster was seated on the floor in handcuffs and leg shackles. He tried to stand up by leaning on a partial wall of the nurse's station. The wall collapsed and fell on Oster. Oster asserts that the partial wall was made of concrete blocks without proper structural reinforcements. Oster sustained injuries to his head, back, and ankle.

The jail medical staff administered a morphine shot and immediately transferred Oster to the hospital for treatment. Oster asserts that he was receiving treatment until he unknowingly signed a document that caused his treatment to end. He was returned to the jail. Oster asks that HCJ be required to pay all of his medical bills related to the incident. Oster also seeks damages for pain and suffering.

**II.    Discussion**

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

**III.    The Issue of Exhaustion of Administrative Remedies**

Title 42 U.S.C. § 1997e provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 1996).

The HCJ provides a three-step procedure for presenting administrative grievances. Oster admits that he has not exhausted his administrative remedies for his substantive claims. (Docket Entry No. 1, Complaint, p. 3). In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that the PLRA requires administrative exhaustion even when the grievance process does not permit the institution to award the relief the prisoner seeks, as long as the grievance tribunal has authority to take some responsive action. Oster admits that he has not presented his claims to the HCJ as required by the PLRA. Oster's claims against the HCJ are dismissed for failure to exhaust administrative remedies, as required by the PLRA.

## IV.    Claims Against the HCJ Infirmary

Oster has sued the HCJ Infirmary. 42 U.S.C. § 1983 imposes liability on any "person" who violates an individual's constitutional rights while acting under color of state law. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). In *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991), the Fifth Circuit held that a plaintiff cannot sue individual municipal departments such as the HCJ Infirmary under the civil rights acts. The HCJ

Infirmary is an administrative department of Harris County, Texas lacks the capacity to sue or be sued. Oster's claims against the HCJ Infirmary cannot proceed.

## V. The Claims Based on the Denial of Adequate Medical Care

This court also finds that even if Oster were granted leave to amend his complaint to name individual jailers at the HCJ, his claims lack merit. "[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety". *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

In *Estelle,* the Supreme Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying

>	or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle,* 429 U.S. at 104-05.

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Farmer,* 511 U.S. at 842 & n.8).

The facts Oster alleged do not meet this standard. Oster has not demonstrated that the medical care provided to him posed a substantial risk to his future health. By his own admissions, Oster was prescribed pain medications soon after he was injured by the collapsing wall on December 16, 2004. Oster was transferred to the LBJ Hospital for medical treatment. Such evidence of examinations and treatment negate Oster's claim of

deliberate indifference.  *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977).

Deliberate indifference is an extremely high standard to meet.  An incorrect diagnosis by prison medical personnel does not state a claim for deliberate indifference.  *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)).  Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Johnson,* 759 F.2d at 1238.  Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment."  *Estelle,* 429 U.S. at 107.  And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference.  *Farmer,* 511 U.S. at 838, 114 S. Ct. 1970.  Oster has not alleged facts demonstrating that the defendants were aware of, and disregarded, a substantial risk of harm.

Oster's claims are dismissed as frivolous under 28 U.S.C. § 1915A(b)(1).

**VI.   Conclusion**

The action filed by Frank Theodore Oster, (TDCJ-CID Inmate #1327126), is dismissed without prejudice under FED. R. CIV. P. 41(b) for nonexhaustion.  Alternatively, the claims against the HCJ Infirmary are dismissed because it is an entity with no jural existence.  Finally, Oster's claims based on a denial of medical care  lack merit.  His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).  Any remaining pending motions are denied as moot.

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker.

SIGNED on March 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge